## ELLIS *vs.* HUNNICUTT *et al.*

There was no error in dismissing this bill for want of equity. The fee simple title to the property in question was put in Hunnicutt by the deed of June 20, 1867, from Payne to him, and there is no cloud on the title held under him.

(*a.*) Were it otherwise, a court of equity would not reform a deed made by him individually, so as to convert it into a deed as trustee for certain *cestuis que trust* who never received any of the purchase money, nor were otherwise involved by the individual deed of their trustee.

February 9, 1884.

Deeds. Title. Estates. Trusts. Equity. Before Judge HAMMOND. Fulton Superior Court. April Term, 1883.

Ellis filed his bill against Hunnicutt, Mrs. Hunnicutt, her children, Jonathan Norcross, and various purchasers of property under Hunnicutt and Norcross. The bill was in the nature of a proceeding *quia timet* and to remove a cloud from titles to real estate, and alleged, in brief, as follows: On December 8, 1856, one Edwin Payne made to Columbus Payne, as trustee, a conveyance of certain slaves, for the use of Letitia A., sister of the trustee, and the children of her body, with remainder over in case she died without leaving any child or children, but free from the use, benefit or control of any husband. The property mentioned in this deed was conveyed upon consideration of love and affection to Letitia A. and ten cents in money. It was as an advancement *inter vivos* to the said Letitia A., was valued at $3,450.00, and was not to be sold except by order of a court of chancery. This conveyance was recorded December 7th, 1857. Afterwards Letitia A. Payne married Calvin W. Hunnicutt, and the negroes were delivered to him and his wife, and held by them until set free by the war between the states. On June 20, 1867, Edwin Payne conveyed a certain undivided half interest in about eighteen acres of land lying in Fulton county, and owned as tenants in common by

Edwin Payne and Jonathan Norcross. This deed was made "between Edwin Payne, of the county of Fulton, of the one part, and Calvin W. Hunnicutt, husband of his daughter, Letitia A. Hunnicutt, formerly Letitia A. Payne, of the county of Fulton, of the other part." It witnessed

"That the said Edwin Payne, in lieu of the negroes formerly given :to Columbus M. Payne, as trustee for the said Letitia A., as an ad- ·vancement *inter vivos*, who have been set free by the late war," (nam- ·ing the negroes) "and for and in consideration of the natural love ·and affection which he has, and bears, to the said Letitia A., and the sum of five dollars," etc., "has granted, bargained, sold and con- veyed," * * "unto the said Calvin W. Hunnicutt, as an advancement *inter vivos* of a portion of my estate which he would be entitled at my ·death, which is to be estimated at the sum of thirty-five hundred dollars in the final settlement of my estate, so as to make each of his ·children, either ·dead or alive, if dead, through their children, equal, ·receiving that portion to which the deceased, if living, would have ·been entitled, his heirs and assigns," etc.

The deed concluded by granting the said undivided in- :terest to said Hunnicutt, "his heirs, executors, adminis- .trators and assigns in fee simple."

In the year 1870 said Edwin Payne died, leaving a will ·which was duly admitted to probate in Fulton county, with ·Columbus M. Payne as executor, and the estate is not yet wound up and the executor discharged. The will was executed on 13th July, 1858, and a codicil added thereto on 28th May, 1864. In the sixth item of the will itself, such share of his estate as should go to his said daughter, Le- titia A., was to be held in trust for her for life, and then to go to her children. In the second item of the codicil, ·the only change made was that the share of said Letitia A. should vest in her husband, C. W. Hunnicutt, for life if ·he should survive her, and then go to her children. The ·ninth item of the will is as follows:

"I have a book of accounts in which I have charged, and will charge, my above named children and grandchildren with the prop- · erty I have given, or may hereafter give them, which is to be taken into the account on the final settlement between them, as advance- ments without interest. My desire is that my children shall receive equal portions of my estate. The children of my deceased daugh-

ter, Mrs. Manning, receiving the share to which their mother would be entitled, were she living."

In the year 1869, Calvin W. Hunnicutt and Jonathan Norcross divided the land, the one-half interest in which had been conveyed by the said deed of 20th June, 1867, Hunnicutt receiving the southern part of the land, and each afterwards sold off certain parts of his share.

On the 23d November, 1880, one Mrs. Stewart bought a portion of the land so taken by said Calvin W. Hunnicutt in the partition, and received from Hunnicutt, in his individual capacity, a deed therefor, which was duly recorded. Complainant, on 1st July, 1882, purchased from Mrs. Stewart this lot, he having on 16th October, 1880, purchased a part of the land adjoining that sold him by Mrs. Stewart. This first purchase was from C. W. Hunnicutt, who sold to complainant, as well as to Mrs. Stewart, as if the land belonged to him in fee simple and unaffected by any use or trust whatever. Upon the land thus purchased by complainant valuable improvements have been made, and the lot and buildings could be sold for ten or eleven thousand dollars, but the person desiring to purchase thinks the deed of Edwin Payne to C. W. Hunnicutt, of 20th June, 1867, did not convey the absolute fee simple title, but only such title as the deed of trust of 8th December, 1856, conveyed to Columbus M. Payne; or some other title incumbered with a trust in favor of Mrs. Hunnicutt alone, or in her favor and in remainder to her children. And for these reasons complainant is prevented from effecting a sale of the property, and so has a cloud cast upon his title.

Complainant in his bill admits " that while it may have been, and probably was, the intention of said Edwin Payne to convey the said undivided interest in the said land, as set forth in said deed, to said Calvin W. Hunnicutt in fee simple, and free from the uses and trusts imposed upon the said trust deed made to Columbus M. Payne, yet complainant is informed and believes, and so charges, that the

said deed of 20th June, 1867, was and is a trust deed," or that under it Mrs. Hunnicutt has the lee simple title. Complainant avers that in no event does C. W. Hunnicutt have the title in fee simple.

The prayer of the bill was, in effect, that the deed from Payne to Hunnicutt, of June 20, 1867, be construed and held to convey a free and unincumbered title; or, if not so, that it be reformed so as to speak the true intention of the parties; that the partition between Hunnicutt and Norcross and the sales made by them be confirmed, and the title of the complainant be decreed valid.

. On general demurrer, the bill was dismissed, and complainant excepted.

HENRY B. TOMPKINS, for plaintiff in error.

HOPKINS & GLENN, for defendants.

JACKSON, Chief Justice.

We see no error in the judgment dismissing this bill on demurrer, for want of equity.  The fee simple title to the property in question is put in Hunnicutt by the deed of June 20th, 1867, from Edwin Payne to him, and there is no cloud on the title of the plaintiff in error.  If there were, no court of equity would reform a deed made by Hunnicutt individually, so as to convert it into a deed as rustee for certain *cestuis que trust* who never received any of the purchase money or were otherwise involved by the individual deed of their trustee.

Judgment affirmed.